SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
Northern District of California
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CHARLES M. O'CONNOR  (CSBN 56320)
Assistant United States Attorney
    450 Golden Gate Avenue, 9th Floor
    P.O. Box 36055
    San Francisco, CA 94102-3495
    Telephone:   (415) 436-7200
    Facsimile:    (415) 436-6748

Attorneys for The United States

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CCIP, L.P. and CONTRA COSTA INDUSTRIAL PARK II, L.P.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DOES 1-100,<br><br>    Defendants. | **CIVIL NO: C 07-4344 JL**<br><br>**UNITED STATES OF AMERICA'S ANSWER TO THE COMPLAINT** |

    COMES NOW the United States of America, (hereafter referred to as the "United States" or "Defendant") and answers the numbered paragraphs in the plaintiffs' Complaint for: 1) Quiet Title; 2) Encroachment; and 3) Declaratory Relief (hereafter, "the Complaint") in the above-captioned case, as follows.

    1. Paragraph 1 of the Complaint is an allegation of jurisdiction and not an averment of fact and need not be admitted or denied.  To the extent this paragraph is deemed to be a statement of fact, it is denied.

    2. Paragraph 2 of the Complaint is an allegation of venue, not an averment of fact and need not be admitted or denied.  To the extent this paragraph is deemed to be a statement of fact, it is denied.

3. Denies the allegations contained in Paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies the allegations contained in Paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations set forth in Paragraph 5.

6. Denies the allegations contained in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Denies the allegations contained in Paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits the allegation contained in Paragraph 8.

9. Admits the allegation contained in Paragraph 9, except that the United States holds rights to an easement for access and other rights in the subject real property.

10. Denies the allegations contained in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegation contained in Paragraph 11.

12. Admits the allegations contained in Paragraph 12 to the extent supported by the easement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 12.

13. Admits the allegations contained in Paragraph 13 to the extent supported by the easement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 13.

14. Admits the allegations contained in Paragraph 14 to the extent supported by the easement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 14.

15. Denies the allegations for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits the allegations contained in the first sentence of Paragraph 16 to the extent supported by the cited correspondence, dated July 12, 2007, which is the best evidence of its contents. The

remainder of Paragraph 16 contains plaintiffs' legal allegations and arguments, as to alternative "notice," which are not averments of fact and need not be admitted or denied. To the extent this paragraph is deemed to contain any statements of fact, they are denied.

17. Admits the allegations contained in Paragraph 17 to the extent supported by the easement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 17.

18. Admits the allegations contained in Paragraph 18 to the extent supported by the cited correspondence, dated July 12, 2007, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 18. Admits receiving the letter cited on or about July 12, 2007.

19. Admits the allegations contained in Paragraph 19 to the extent supported by the cited correspondence, dated July 12, 2007, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 19. Admits receiving the letter cited on or about July 12, 2007.

20. Admits the allegations contained in Paragraph 20 to the extent supported by the cited correspondence, dated July 12, 2007, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 20. Admits receiving the letter cited on or about July 12, 2007.

21. Admits the allegations contained in Paragraph 21 to the extent supported by the cited correspondence, dated July 12, 2007, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 21. Admits receiving the letter cited on or about July 12, 2007.

22. Admits the allegations contained in Paragraph 22 to the extent supported by the Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 22.

23. Admits the allegations contained in Paragraph 23 to the extent supported by the Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

//

//

25. Admits the allegations contained in Paragraph 25 to the extent supported by the Agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 25.

26. Denies the allegations contained in Paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Admits the allegations contained in Paragraph 27 to the extent supported by the Information to Bid, described and cited in that Paragraph as "an on-line auction to sell the Government Property," which is the best evidence of its contents; otherwise denies the allegations contained in Paragraph 27.

28. The United States hereby incorporates by this reference its previous answers to Paragraphs 1-27 of the Complaint, inclusive, as though fully set forth herein.

29. The allegations contained in Paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in Paragraph 30 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Denies the allegations contained in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. The allegations contained in Paragraph 32 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in Paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in Paragraph 34 except to admit that the Defendant has legitimate access and other rights and interests in the subject real property.

35. The United States hereby incorporates by this reference its previous answers to Paragraphs 1-34 of the Complaint, inclusive, as though fully set forth herein.

36. Denies the allegations contained in Paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth.

37. The allegations contained in Paragraph 37 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in Paragraph 38.

39. Paragraph 39 does not contain an allegation of fact to be admitted or denied. To the extent that this paragraph or any part of it is deemed to contain an allegation of fact, it is denied.

40. Denies the allegations contained in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies the allegations contained in Paragraph 41 for lack of knowledge or information sufficient to form a belief as to their truth.

42. The United States hereby incorporates by this reference its previous answers to Paragraphs 1-41 of the Complaint, inclusive, as though fully set forth herein.

43. The allegations contained in Paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in Paragraph 44 are conclusions of law and other conclusions, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations in Paragraph 45 constitute the plaintiffs' theories of their case and other conclusions, to which no responses are required. To the extent that any responses may be deemed to be required, the allegations are denied.

46. Paragraph 46 contains plaintiffs' prayer for relief and not allegations of fact, and therefore, need not be admitted or denied. To the extent this paragraph is deemed to contain any allegations of fact, they are denied.

47. The allegations contained in Paragraph 47 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The remaining numbered and un-numbered paragraphs, following Paragraph 47, contain further statements of Plaintiffs' prayer for relief and not allegations of fact, and therefore, need not be admitted or denied. To the extent those paragraphs, or any of them, are deemed to contain any allegations of fact, they are denied.

//

//

**AFFIRMATIVE DEFENSES**

The United States alleges as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Court lacks jurisdiction over the plaintiffs' claims.

3. The purported claims in the Complaint, and each of them, are barred by the doctrine of sovereign immunity.

4. The purported claims in the Complaint, and each of them, are barred by the doctrines of estoppel, waiver, and laches.

5. The purported claims in the Complaint, and each of them, are barred by the statute of limitations.

The United States respectfully reserves the right to modify, revise, or supplement this Answer to the Complaint, and to plead such further defenses and counter-claims as may become necessary as this case develops, if any.

WHEREFORE, the United States respectfully requests that the Court:

1. Deny the plaintiffs' claims for relief and any relief, whatsoever;

2. Enter judgment in favor of the United States as to each and every claim asserted by the plaintiffs;

3. Award the United States its costs and such other relief as the Court may deem just and proper.

DATED: October 23, 2007                Respectfully submitted,

                                       SCOTT N. SCHOOLS
                                       United States Attorney



                                       _____
                                       CHARLES M. O'CONNOR
                                       Assistant United States Attorney

                                       Attorneys for the United States

1  OF COUNSEL:

2  Mark Ezersky
3  Assistant Regional Counsel
   U.S. General Services Administration
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES' ANSWER TO COMPLAINT**
*CCIP, LP v. United States*, **C 07-4344 JL**                    **Page -7-**