1   Manuel A. Martinez (SBN 115075)
    Daniel K. Slaughter (SBN 136725)
2   STEIN & LUBIN LLP
    Transamerica Pyramid
3   600 Montgomery Street
    14th Floor
4   San Francisco, CA  94111
    Telephone:     (415) 981-0550
5   Facsimile:     (415) 981-4343
    mmartinez@steinlubin.com
6   dslaughter@steinlubin.com

7   Attorneys for Plaintiffs
    CCIP, L.P. and CONTRA COSTA INDUSTRIAL
8   PARK II, L.P.

9                       UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13   CCIP, L.P. and CONTRA COSTA              Case No.  C-07-4344 JL
14   INDUSTRIAL PARK II, L.P.,

15                  Plaintiffs,

16   v.                                       **JOINT CASE MANAGEMENT
                                              CONFERENCE STATEMENT**
17   UNITED STATES OF AMERICA and
     DOES 1-100,                              Time:  1:30 p.m.
18                                            Date:  Feb. 1, 2008
                    Defendants.               Courtroom: 2
19
                                              The Honorable Jeffrey S. White
20

21

22

23        Pursuant to Local Rule 16-9 and this Court's November 5, 2007 Order, the parties

24   hereby submit this joint case management conference statement.

25        1.  Jurisdiction and Service.

26        **Plaintiffs' Position**:

27        The Court has jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. § 1346(f)

28   because the action seeks to quiet title to an interest in real property claimed by the United States

                                              1                    Case No. C-07-4344 JL

1  of America.  There are no issues relating to personal jurisdiction or venue.  All parties have been

2  served and appeared.

3         **Defendant's Position**:

4         Jurisdiction exists pursuant to 28 U.S.C. 1346(f), and venue is appropriate in the

5  Northern District of California.   The Office of the U.S. Attorney was served with process on

6  August 23, 2007.

7         2. Facts.

8         **Plaintiffs' Position**:

9         Plaintiffs own the property known as 1501 Loveridge Road, Pittsburgh, Contra

10  Costa County, California ("Property").  The United States owns the property known as 1451

11  Loveridge Road, Pittsburgh, Contra Costa County, California (the "Government Property").  The

12  Government Property is entirely surrounded by the Property.  In 1967, a former owner of the

13  Property granted the United States an Access Easement (for access via a roadway) and a Gas

14  Easement (for an underground gas line).  The Access Easement is not in issue.

15         The Gas Easement is terminable if unused for two consecutive years, and if

16  terminated requires the United States to remove any improvements related thereto.  The United

17  States has not used the Gas Easement since 1998.  On July 12, 2007 plaintiffs gave notice of

18  termination and a demand that the United States remove all improvements related thereto,

19  effective 30 days later.  That notice was repeated in the Complaint served August 23, 2007.  The

20  United States has not removed any of its improvements.

21         There are additional utility connections to the Government Property including

22  electrical, sewer, fire suppression and water.  There is also a rail spur to the Government

23  Property.  There are no recorded easements for any of these other utilities or the rail spur.  The

24  United States has produced an Unrecorded Agreement dated May 10, 1967 purporting to grant

25  easements for the additional utilities and the rail spur.

26         The United States recently began conducting an on-line auction of the Government

27  Property, representing to the public that the property included easements for a gas line, truck and

28  railroad accessibility, and implying that additional easements were included with the property.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    The principal factual disputes are:  Has the United States failed to use the Gas

2  Easement for two consecutive years?  Has an easement for the additional utilities and/or rail spur

3  been recorded?  Does the United States have some other basis for an easement for the additional

4  utilities and/or rail spur?

5                              **Defendant's Position**:

6    The General Service Administration ("GSA") posted an Invitation for Bid ("IFB")

7  on its auction website on May 25, 2007.  The IFB invited bidders to participate in an online

8  auction to purchase property located at 1451 Loveridge Road in Pittsburg, CA ("Property").  The

9  Property consists of approximately 1.68 acres of improved land and includes a one-story

10  industrial building of approximately 5,538 square feet.  The IFB also indicated that it included a

11  .94 acre roadway easement, a .30 acre underground gas line easement, legal access via Loveridge

12  Road, and railroad accessibility to the building.

13    The General Terms of Sale set forth in the IFB clearly indicate that the Property

14  was offered for sale and was to be sold:

15           AS IS" and "WHERE IS" without representation, warranty, or
         guaranty as to quantity, quality, title, character, condition, size, or
16           kind, or that the same is in condition or fit to be used for the
         purpose for which intended, and claim(s) for any allowance or
17           deduction upon such grounds will NOT be considered.

18    The IFB further indicates that any error or omission in the information contained

19  in the IFB, even if that information was available to GSA, would not constitute grounds for non-

20  performance.  It also cautions the bidders to inspect the Property prior to submitting a bid, and

21  that the sale is subject to all covenants, easements, reservations and encumbrances, whether of

22  record or not.

23    The auction started on June 25, 2007, and each bidder's registration was

24  accompanied by a $25,000 registration deposit.   The first bid was received on June 25, 2007,

25  from the plaintiff Contra Costa Industrial Park II, L.P. and CCIP, L.P. ("CCIP").  CCIP

26  eventually submitted the second high bid on July 6, 2007, in the amount of $995,000.  The high

27  bid was also submitted on July 6 from American Piledriving Equipment ("APE") in the amount of

28  $1,010,000.

1    On or about July 12, 2007 a representative of the second high bidder, CCIP, sent a

2    letter to the GSA Representative challenging the viability of access easement that crosses the

3    CCIP property and services the Property.  CCIP also challenged the validity of a gas line that runs

4    across the CCIP land to the Property, and further stated that its letter constituted notice that that

5    the gas line easement is terminated.  Further, CCIP's letter demanded that GSA remove all

6    improvements on CCIP's property in connection with that easement.

7    In the July 12 letter, the Plaintiffs also alleged that several other utility lines

8    constitute encroachments over their property, and they reserved the right to disconnect them.

9    Lastly, CCIP indicated that there are no recorded easements providing for the rail spur that serves

10   the Property, and that CCIP reserves the right to remove the rail spur if they have the legal right

11   to do so.

12   On August 16, 2007, GSA sent CCIP and the apparent high bidder, APE, a letter

13   indicating that the IFB "stands as is" and that the GSA intended to proceed with the sale of the

14   Property.

15   CCIP filed the subject suit in this Court on or about August 22, 2007.

16   On August 24, 2007, CCIP sent a letter to GSA revoking their bid of $995,000.

17   Also on August 24, 2007, GSA received a letter from APE which stated its belief

18   that the facts underlying the plaintiffs' suit constituted a serious cloud on the title of the Property,

19   and that it wanted to withdraw its bid and recover its $25,000 deposit.

20   3. Legal Issues.

21   **Plaintiffs' Position**:

22   The legal issues governing these claims are established property law issues and not

23   in dispute.

24   **Defendant's Position**:

25   The legal bases for all of the plaintiff's claims challenging the validity of the

26   various easements serving the Property are disputed by the defendant.

27   4. Motions.  No motions have been filed.

28   Plaintiffs may file a summary judgment motion after discovery is completed.

1   Defendant intends to file a motion for summary judgment at the appropriate time.

2   5. <u>Amendment of Pleadings</u>.

3   Plaintiffs are not presently aware of the need to file amended pleadings but may

4   seek to substitute for the Doe defendants depending on discovery.

5   Defendant does not presently contemplate any amendments to the pleadings.

6   6. <u>Evidence Preservation</u>.

7   Plaintiffs have kept their files on the relevant properties and are unaware of any

8   electronically-recorded material that may require preservation.

9   Defendant has taken steps to preserve all materials relevant to the matter and is not

10   aware of any issues as to preservation of the evidence in its possession.

11   7. <u>Disclosures</u>.  No Rule 26 disclosures have been made.

12   However, plaintiffs disclosed all of the documents in their possession supporting

13   their claims by attaching them to their complaint.

14   Defendant will make appropriate disclosures, if any, prior to the Case Management

15   Conference.

16   8. <u>Discovery</u>.

17   **Plaintiffs' Position**:

18   No discovery requests have been propounded.  Plaintiffs anticipate serving written

19   discovery requests aimed at the United States' defenses, in particular the United States' implied

20   contention that there is an easement covering additional improvements and the rail spur.  No

21   limitations or modifications of the discovery rules are necessary.  Discovery should be completed

22   in 6 months.

23   **Defendant's Position**:

24   Defendant intends to propound written discovery requests concerning the

25   plaintiff's claims questioning the validity of the various easements serving the Property.  The

26   standard discovery limitations should suffice, and defendant agrees that discovery should be

27   completed within six months of the date of the Court's Case Management Order.

28   9. <u>Class Actions</u>.  Not applicable.

1          10. <u>Related Cases</u>. The parties are unaware of any related cases.

2          11. <u>Relief</u>.

3          Plaintiffs seek an order quieting title to the Property against all claims by the

4    United States, other than the limited Access Easement, and extinguishing the Gas Easement; for

5    an injunction requiring the United States to remove its encroachments on the property and for

6    compensatory damages; and for a declaration that the United States has no easements over the

7    Property other than the Access Easement. Plaintiffs would calculate damages based on the

8    devaluation of plaintiffs' property caused by the United States' encroachments including the cost

9    of removal of such encroachments, if possible.

10         Defendant will ask the Court for an order of dismissal with prejudice.

11         12. <u>Settlement and ADR</u>.

12         The parties have exchanged informal settlement proposals but have been unable to

13   reach agreement. Plaintiffs will file an ADR Certification at the same time as this pleading. The

14   parties will also file a stipulation to mediate under the auspices of the Court sponsored ADR

15   program.

16         13. <u>Consent to Magistrate Judge for All Purposes</u>. On November 1, 2007 the

17   United States declined to consent to assignment of this case to a Magistrate Judge for trial and

18   disposition.

19         14. <u>Other References</u>. The parties do not believe other references are appropriate

20   for this case.

21         15. <u>Narrowing of Issues</u>. The issues in this case are already relatively narrow.

22   Plaintiffs believe a summary judgment motion may narrow them further, and that, if trial is

23   necessary, that the parties should be able to stipulate to most of the facts.

24         16. <u>Expedited Schedule</u>. The parties believe that this matter can be handled

25   within approximately one year, with discovery complete in 6 months followed by summary

26   judgment and, if necessary, trial.

27         17. <u>Scheduling</u>. The parties propose a discovery cutoff of August 1, 2008; expert

28   designation by September 15, 2008; dispositive motions to be heard by November 28, 2008;

1    pretrial conference on January 16, 2009; trial on February 2, 2009.

2            18.  Trial.  This is a bench trial.  The parties agree trial should last no more than

3    one week.

4            19.  Disclosure of Non-party Interested Entities or Persons.  Plaintiff filed a

5    Certification of Interested Entities or Persons on January 2, 2008, identifying J.R. ("Eddie")

6    Orton, III, Moses Libitzky, and Michael Ziegler as persons with a financial or non-financial

7    interest in the subject matter or in a party that could be substantially affected by the outcome.

8            Defendant is not aware of any non-party interested entities or persons.

9                                Respectfully submitted,

10

11   Dated: January 25, 2008                STEIN & LUBIN LLP

12

13                            By:  /s/_____
                                  Daniel K. Slaughter
14                                Attorneys for Plaintiffs
                                  CCIP, L.P. and CONTRA COSTA INDUSTRIAL
15                                PARK II, L.P.

16   Dated: January 25, 2008                JOSEPH P. RUSSONIELLO
                                  United States Attorney
17

18                            By:  /s/_____
                                  Charles M. O'Connor
19                                Assistant United States Attorney
                                  ATTORNEYS FOR THE UNITED STATES
20

21

22

23

24

25

26

27

28

                                        7                      Case No. C-07-4344 JL